UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE L. JOHNSON, JR.,

                              Plaintiff,

                                                          DECISION AND ORDER

                                                          16-CV-6699L

                    v.

BANK OF AMERICA, N.A.,

                              Defendants.

_____


        Plaintiff Willie L. Johnson, Jr. commenced this action on or about June 2, 2016, in New

York State Supreme Court, Monroe County, against Bank of America, N.A. ("BANA").[1]

Plaintiff asserted several claims arising out of a loan contract between him and BANA.

        While the action was pending in state court, plaintiff filed an amended complaint on

October 5, 2016.  The amended complaint asserts seven causes of action, related to the same loan

contract that formed the basis for the original complaint.

        BANA removed the action to this Court on October 25, 2016, based on federal question

jurisdiction, since one of plaintiff's claims is premised on an alleged violation of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

        BANA has now moved to dismiss the complaint, for failure to state a claim upon which

relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff

has filed a response in opposition to the motion.

---

[1]BANA is named in the complaint as "Bank of America."  BANA contends that its actual
name is Bank of America, N.A.

# FACTUAL BACKGROUND

Defendant's motion is based on its argument that plaintiff's claims are time-barred.  An understanding of defendant's arguments requires some familiarity with the underlying facts and procedural history of this case.[2]

Plaintiff entered into a loan contract with BANA in or about late July 2007.  Dkt. #5-5 at 6.  In June 2008, plaintiff filed a complaint against BANA with the New York State Consumer Protection Board ("CPB") alleging, *inter alia*, that "the monthly payment keep [sic] changing." Dkt. #5-5 at 2.  Plaintiff does not appear to dispute defendant's contention that the CPB found that complaint to be meritless.  At any rate, there is no indication that the CPB proceeding remains pending or that the CPB granted plaintiff any relief or issued any findings in his favor.

Plaintiff then filed a lawsuit against BANA in state court.  Although that complaint is dated September 3, 2013, it appears that it was not served upon BANA until March 19, 2014. Dkt. #1-1 at 18.  The complaint asserted claims under the FDCPA, and the New York General Business Law, § 349.  That action was dismissed by the state court on November 4, 2015 for failure to prosecute.  Dkt. #1-1 at 27.

As stated, plaintiff filed another state court action on June 2, 2016.  That complaint alleged that BANA had breached the loan contract in several ways.

On September 27, 2016, the state court denied both BANA's motion to dismiss, and plaintiff's cross-motion for leave to amend the complaint.  With respect to the latter motion, the state court pointed out several procedural deficiencies with plaintiff's motion, but added that because "Defendant has not yet answered, Plaintiff does not technically even need court approval to employ an Amended Complaint."  Dkt. #8-7 at 4.

---

[2]In deciding this motion, the Court will consider certain documents that are referenced in the complaint (such as the loan contract) and judicial filings.  It is permissible to take notice of and consider such documents in deciding a motion to dismiss under Rule 12(b)(6).  *See Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Plaintiff did file an amended complaint on October 5, 2016.  It asserts seven causes of action:  (1) violation of N.Y. Gen. Obl L. § 5-501; (2) violation of N.Y. Banking L. § 14-a; (3) violation of N.Y. Gen. Bus. L. § 601; (4) violations of N.Y. Gen. Bus. L. §§ 703 and 706; (5) violations of N.Y. Gen. Bus. L. § 380-m; (6) breach of contract; and (7) fraud, and violations of the FDCPA and N.Y. Gen. Bus. L. § 349.  Dkt. #5-3.

BANA then removed the action to this Court, and followed that with a motion to dismiss. The basis for the motion is that plaintiff's claims are barred by their respective statutes of limitations.

In his response, plaintiff "concedes that the first five Causes of Action are not timely." Plaintiff's Mem. of Law (Dkt. #9).  Thus, the only dispute here is over whether the sixth and seventh causes of action are timely.

## DISCUSSION

In support of its motion to dismiss, BANA contends that the sixth cause of action, for breach of contract, is time-barred by New York's six-year limitations period for contract actions under C.P.L.R. § 213(2).  Defendant argues that the issues and allegations that form the basis of that claim were raised in plaintiff's CPB complaint, which was filed in July 2008.

In response, plaintiff argues that this claim is timely because it was raised in his 2014 state court complaint.[3]  Plaintiff contends that the 2014 complaint was timely filed, and that his present contract claim relates back to that complaint.

In support of that argument, plaintiff relies upon N.Y. C.P.L.R. § 205, which provides that "[i]f an action is timely commenced ..., the plaintiff ... may commence a new action upon the

[3]Plaintiff's memorandum of law (Dkt. #9) refers to the earlier complaint as the "original 2013 Complaint," *id.* at 2, yet plaintiff's attorney states in his declaration that the complaint was filed on March 19, 2014.  Dkt. #8 at 1 ¶ 6.  As noted earlier, it appears that the complaint was filed in state court in September 2013, but for whatever reason, it was not served until March 2014. *See* Dkt. #1-1 at 18.  That temporal gap does not affect my decision here, however.

same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."  Plaintiff argues that since his present action was filed on June 2, 2016, within six months after the state court's dismissal of his prior action, his present action is timely.

At the outset, it is not at all clear that the present action *was* filed within six months of the state court's dismissal of the prior action.  The state court judge stated in open court on November 4, 2015, that "the case is hereby dismissed for a lack of prosecution."  Dkt. #1-1 at 27. The judge asked the defendant to submit a proposed order to that effect, which was filed on December 11, 2015.  Dkt. #1-1 at 24.  As stated, the complaint in this action was filed on June 2, 2016–well over six months after the state court's dismissal of the action in open court, which was memorialized in a later-filed written order.

Second, in citing CPLR § 205, plaintiff quotes, but fails to address, the explicit exception in that provision for actions involving a prior "dismissal of the complaint for neglect to prosecute the action ... ."  The state court in this case made very clear that "lack of prosecution" was precisely why the court was dismissing the plaintiff's complaint.  Dkt. #1-1 at 27.  Thus, plaintiff cannot avail himself of § 205.

Third, CPLR § 205 provides that, aside from the exceptions mentioned in the statute, a new action is timely " provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."  It appears that the present complaint was not served upon BANA until June 29, 2016, *i.e.*, more than six months after the filing of the written order dismissing the prior action.  Dkt. #1-1 at 2.  For that reason, too, § 205 does not apply.

The seventh cause of action is also time-barred.  As pleaded, the seventh count is something of a grab bag claim, as it asserts claims for violations of the FDCPA, the New York General Business Law § 349, and common-law fraud.

The statute of limitations for claims under the FDCPA is one year "from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  *See, e.g., Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 865 (7ᵗʰ Cir. 2016); *Hageman v. Barton*, 817 F.3d 611, 616 (8ᵗʰ Cir. 2016).  The limitations period on a § 349 claim is three years, and begins to run when the plaintiff has been injured by the allegedly deceptive act or practice.  *Feliciano v. U.S. Bank Nat'l Ass'n*, No. 13-CV-5555, 2014 WL 2945798, at *4 (S.D.N.Y. June 27, 2014) (citing *Gaidon v. Guardian Life Ins. Co. of America*, 750 N.E.2d 1078, 1082-83 (N.Y. 2001)).  Fraud claims are subject to a six-year limitations period.  C.P.L.R. § 213(8).

Even applying the most generous, six-year limitations period for fraud claims, however, plaintiff's seventh cause of action is plainly time-barred, for the reasons stated above with respect to the contract claim, which is likewise governed by a six-year statute of limitations.[4]  Both the sixth and seventh causes of action, then, are subject to dismissal as time-barred.

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #5) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    January 26, 2017.

---

[4]The Court's conclusion in this regard renders it unnecessary for me to address defendant's argument that plaintiff's 2014 action was itself untimely, on the ground that the acts giving rise to that suit occurred no later than February 2008.  *See* Def. Reply Mem. (Dkt. 11) at 4. I note, however, that–perhaps tellingly–the factual allegations of plaintiff's present complaint do not set forth a single date on which any of the alleged underlying events occurred.  *See* Dkt. #1-1 at 79-84.